

Gerald C. Mann
~~FIRST ASSISTANT~~
PRICE DANIEL
ATTORNEY GENERAL

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

Mr. Geo. A. Hight
Chief Accountant
Board of County and District Road Indebtedness
Austin, Texas

Dear Sir:

Opinion Number O-1989
Re: Whether or not road bonds voted
by a defined road district prior to
January 2, 1939, may now be issued
and the proceeds expended in the
construction of a designated State
highway and will be eligible for
participation in the County and
Road District Highway Fund in the
same manner as bonds voted by a
county?

We acknowledge receipt of your letter of February 21,
1940, in which you propound the above captioned question and
request our opinion thereon.

Road bonds issued by counties, political subdivisions
and defined road districts are, under certain conditions, eli-
gible to participate in the County and Road District Highway
Funds as provided by House Bill 688, passed by the Forty-sixth
Legislature, Regular Session, 1939. Such bonds become eligible
for participation only upon the designation of such road as a
State highway, and under Section 3 of House Bill 688 the counties,
political subdivisions and road districts are prohibited from
further improving such road with money furnished by them. This
section reads as follows:

"All further improvements of said State High-
way System shall be made under the exclusive and
direct control of the State Highway Department

and with appropriations made by the Legislature
out of the State Highway Fund. No further im-
provement of said system shall be made with the
aid of or with any money furnished by the coun-
ties except for the acquisition of rights-of-way
which may be furnished by the counties, their
subdivisions or defined road districts."

We think the language of this section of the bill
clear and presents no difficulty in interpreting the inten-
tion of the legislature, and unless some other provision of
the law provides an exception to Section 3, it is our opinion
that no further improvement of State highways may be made by
counties, political subdivisions or road districts of the
State. However, Subsection (a) of Section 6 of House Bill
688 contains the following language:

"In addition to and regardless of the other
provisions of this Act, all bonds voted by a
county prior to January 2, 1939, insofar as
amounts of same were or may be issued and the
proceeds actually expended in the construction
of roads which are a part of the designated
system of State highways, shall be eligible
to participate in the distribution of the
moneys coming into said County and Road Dis-
trict Highway Fund, the same as provided for
other bonds under this Act and as of the date
of the designation of said road as a part of
the State System * * *".

It is obvious from a reading of the foregoing section
that we have an exception to Section 3, above quoted, and as
to the validity of this section, we refer you to our opinion
Number O-1334, addressed to the Honorable Murphy Cole, County
Auditor of Liberty County, Liberty, Texas. It was our con-
clusion therein that the provisions of Section 6, Subsection
(a) of said bill, although in conflict with Section 3 thereof,
must be construed as an exception and should be permitted to
stand.

Having concluded that Subsection (a) of Section 6 is in conflict with Section 3 of House Bill 688, and that it must be considered an exception, it follows that the rules of statutory construction pertinent under such circumstances must be applied. The weight of authority goes with the conclusion that exceptions must be strictly construed. In the case of the Gulf States Utilities Company v. State, 46 S. W. (2d) 1018, error refused, the court held that a provision of a statute constituting an exception to general classifications thereof must be strictly construed. And to the same effect is the case of Holmes v. Coalson, 154 S. W. 661, wherein it was held that exceptions to a statute of general terms cannot be enlarged to include cases not embraced within the exception by mere implications of parity of reasons. Accordingly, we call your attention to Subsection (a) of Section 6, above quoted, and have underlined the word "county" appearing in that section. It will be noted that the Act says - "All bonds voted by a county * * "- and nowhere do we find the expression "defined road district."

You are accordingly advised that in our opinion Subsection (a) of Section 6 of House Bill 688, under the rules of statutory construction, limits bonds that may become eligible to participate in the distribution of moneys coming into the County and Road District Highway Fund to such bonds as may have been voted by a county, and does not extend to bonds that may have been voted by a defined road district or political subdivision, irrespective of the time said bonds were voted.

Trusting that this satisfactorily answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Clarence E. Crowe

Clarence E. Crowe
Assistant

CEC-a          APPROVED FEB. 29, 1940

CERSO

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY H R

mw